The next argument is in Rizzo v. Department of Veterans Affairs, Appeal 7026. All right. I think we can proceed now. All counsel seem to be ready. Mr. Brzezinski, welcome to the court. Good morning to you. Please give us the core of your argument. We've read the briefs. We know the background and the facts. Thank you, Your Honor. And may it please the court, Veteran David Rizzo raises the fundamental issue of what is the legal standard for admitting and weighing expert medical evidence in the Veterans Court and the Veterans Benefits process. Well, isn't this the question of credibility between your witness and an official of the agency, and isn't that beyond us? No, Your Honor. This is strictly a matter of which standard should be applied. In this case, the Veterans Court below only addressed the issue of competency and assumed that there was competency on the secretary's witness and skipped over. Is the secretary's witness a witness whose credibility is in question or an official of the agency who is presumed to be competent? The physician in question is both. He's both an official of the agency and a medical doctor whose opinion is provided as expert witness or expert evidence in this case. It is the only evidence that they have to counter the expert evidence that the veteran submitted. And by assuming competency and not addressing the issue of credibility but skipping over that, the Veterans Court below allowed the board to assume whatever weight that was necessary to meet the answer. I'm not following you. Reading Judge Gallagher's opinion, it seems clear that she considered the substance of the conflicting testimony of the two medical experts, and she explained why she rejected the conclusions or opinions of Mr. Rizzo's expert and instead credited the opinions of the Veterans Department physician. So I don't understand. Where's the problem in that? The problem is, Your Honor, that the board assumed that this individual had both credibility and competency to make a medical expert opinion. The Veterans Court has just recently made very clear that the testimony of medical doctors in its cases is expert witness opinion and expert evidence. Experts must be qualified to both competency and credibility because credibility is the issue that the board addresses. The board weighs the opinions based on how experienced or training of a witness. They cannot make the key decision here. But this is an official who decided something, right, against the evidence of your client. And the way to deal with that is to appeal it. It's not a question of our weighing credibility of two witnesses. Absolutely, Your Honor. We are not asking you to weigh anything. We are asking you to... As a matter of law, does the federal rules of evidence apply in an administrative proceeding like this? The federal rules of evidence do not directly apply to veterans' cases. Then why did you quote to us 702? Because the Veterans Court has pointed to federal rule of evidence 702 from its very earliest days, in the Espiritu case all the way to the Nieves-Rodriguez case, has consistently said that 702 provides the guidance for weighing expert medical opinion. Indeed, the court below, the single-judge court below, said in bar, which is 21 Veddow at 308, which is not mentioned in my brief... Now, Dr. Drayton is a medical doctor. He serves as the chief officer of public health and environment. He has both the presumption of regularity as a government official in addition to rather significant medical credentials. I am struggling to understand why you would bring 702 to us. I am a trial judge. I would hardly even entertain such a motion, let alone on appeal, when it is a finding to be made below. If the issue is HIV or other transmittable diseases, Dr. Drayton is undoubtedly a qualified expert for both competency and credibility in a case such as that. If there was nothing in the record, and even if you go outside the record and look at his own resume, he has no experience, no training, and no experience in radiation or radiation-induced oncology. As a trial judge, if I brought a podiatrist to you and said, this is my expert witness on an asbestos case, he would not be qualified, I submit. He is competent. He is a medical doctor, but he is not relevant. He does not have the background to assist the court in the issue before the court. Can you unravel a mystery for me? The letter containing the medical opinion on which the other name is Detri. Do we know who actually did the exam of the veteran, your client? Well, Your Honor, I am not quite sure which record you are speaking of, but it is correct. In this case, Dr. Drayton did not sign the radiation review himself. I could not read the signature, but it does have MD after it. So even allowing the Veterans Court to assume that an MD is competent, we do not know who this person is. He or she may be a podiatrist, may be an oncologist. The point is, in this case, there is no evidence in the record, and whatever words there are have to be by the Veterans Court's decisions, by this Court's decisions in cases such as Buchanan. Let me ask you this, because I am really struggling to understand what your complaint is. Are you basically saying that Judge Gallagher had no choice but to refuse to consider and read and weigh the medical opinion of the veterans' doctors, whichever one it was, because their specific radiation-related qualifications had not been presented to her? Yes, Your Honor. I mean, this is a case of radiation-induced illness. Whether it was or wasn't is the issue. So the error here was even reading the medical opinion. It should have been dismissed out of hand for lack of a showing of qualifications in radiological medicine. The Board can easily ask for more evidence. The Board, the standard is, the Veterans Court has established, and the judge in this case has established, that once evidence is determined to be competent, the Board must determine whether such evidence is also credible. But, Mr. Krasinski, the whole case turned not on radiation. The judge found specifically under Dr. Drayton's testimony that this was a hereditary commission, a condition. This didn't have anything to do with radiation. But if? And in finding that, she says the Board found Dr. Drayton's opinion to be more probative than Dr. Bailing's, after concluding that Dr. Bailing's was speculative, you've read this. Yes, Your Honor, I've read it. It analyzes in great detail the reasons for Dr. Drayton's opinion and accepted now fact that it was a hereditary condition, not a radiation condition. But, Your Honor, that is the opinion of a witness who there is no evidence of radiation. Who is the more superior doctor in hereditary commissions, Dr. Drayton or Dr. Bailing? I have no idea, Your Honor. Well, the court evidently found it was Dr. Drayton, so you lose. The question is based on what test. This judge has made an ad hoc decision and completely skipped over the credibility issue. That this court in Buchanan, in its own previous precedential decision, said that there is competency and the Board must look at the credibility of the witnesses. Again, I take you to the example. Did Buchanan deal with an official of the agency or a third-party witness? It was a medical doctor from the VA. But I will address the presumption of regularity. There is not a single case cited or other that I can find that allows a presumption of regularity to go to the substantive evidentiary issues in a case. And indeed, the Cox case, which it miscites a case in the Butler case. If you review the Butler case, it says explicitly that you cannot presume and not apply the presumption of regularity, which is to anything but administrative processes. It explicitly states that substantive evidentiary issues are outside presumption of regularity. And that is because if it wasn't, the Board could just presume whatever way it needed to come to a previous conclusion. Was there an objection to the doctor's testimony being considered by Judge Gallagher? I'm not aware of any objection below. But again, this is an issue of the fed transport standards. In the absence of an objection in the hearing to the doctor's conclusions being given any assessment, why should we at this point tamper with the result? Because the veteran's system is set up so that the veteran does not have to object on a legal basis for the same reasons the federal rules of evidence don't apply, the same reasons that all the burdens are not on the veteran. If you go with this, then all below turns in, you reverse the burdens below. VA has the duty to assist. Isn't it the case that he had a representative at the Board hearing? He did have a representative at the Board hearing. It was his first case, and I replaced him on this appeal. But the issue is, Your Honor, if you go that route, then you're treating represented veterans differently than pro se veterans, which would unwind a lot of the basis for the... Well, I'm just asking as a factual matter. I thought I recalled that he had a representative there. Not you, but someone else. He did have a representative there, but also... And so that person had the opportunity to say, wait a minute, Judge Gallagher, you can't even read this report because there's no showing that this VA doctor has the relevant medical background. Your Honor, I'm not claiming that you should have objected and said you cannot read this.  This is strictly the standard to weigh it. If there's no standard, if you can assume whatever you need to get the weight to get to a decision, again, you're going to have a podiatrist diagnosing cancer. The veteran's side cannot do that. The veteran, the Board inquires as to the basis, and indeed its own processes say they're supposed to inquire to the basis of the credibility of each witness. It's almost like you haven't read this opinion. It says in detail, thus, the reasons that Dr. Bailing's conclusions were speculative. All he could say was that the circumstantial evidence suggested there had been a high dose and that it is plausible for me to think that a high dose could have been received, and if things fall in the right pace, that time would end up with a dose that's capable of producing a cataract. That line of assumptions, which we could hear about four of them in the testimony, led the Court to say, the Board to say, Dr. Bailing's opinion was speculative rather than conclusive. Your Honor, we're not asking you to decide. The whole opinion turns on the absence of any credibility for your witness, not any vast reliance on Dr. Dayton. The only contrary evidence was from Dr. Dayton. If he is not a reliable, credible witness, it does not matter what Dr. Bailing said. If Dr. Bailing is completely disregarded, the veteran is there, 50-50, the tie goes to a veteran. So the point is, you have to establish a standard. But there doesn't seem to be a 50-50 here, does there? They assume 51% right out of the box, Your Honor. I would like to... What is it you think should have been done at the moment that Judge Gallagher picked up the Veterans Administration doctor's report? What is it that you think she should have done that she didn't do? The same thing that other judges and single-judge decisions have ordered the Board to do, go back and ask for the resume, the CV of all the witnesses, all the doctors. Simple enough. They could have one on file. Indeed, we don't even know who made this decision because it is made by someone else. Whoever makes the decision should provide their basis for the credibility simple enough, just like Dr. Bailing did. And then whether it makes a difference in this decision, I do not know. But without the standard, this judge and this court has bounced around on all levels. Sometimes they remand it for resumes, sometimes they don't. What we're asking for is the standard to be established by this court. All right, thank you. We'll hear from the government. Counsel, do you consider the issues before us to be legal and within our jurisdiction, or is your bottom line stance that they're all fact-driven and therefore outside of our jurisdiction? Well, we'd certainly agree that there are a number of issues presented that are purely reasons and basis challenge, factual challenges that fall outside this court's jurisdiction. That said, we would concede that if you're looking at the very narrow question, as a matter of law, must the board in every case ask for the resume of a VA physician before relying on that doctor's opinion? That would be a legal question that this court could ask. What would be wrong with such a rule? Well, I don't think there'd necessarily be anything wrong with it. It would turn- I mean, if I'm a VA doctor and I examine a veteran and I render a medical opinion and I write up the report and I send it forward, it wouldn't be very burdensome to staple my resume on the back of the report and then the veterans officials in the regional office or the board or wherever have my qualifications as well as my conclusions about the particular veteran. Perhaps not. However, in this case, and particularly on the facts of this case, we have an opinion developed through a special regulatory process that assists claimants in developing radiation related claims through the office that has responsibility for rendering that opinion. And the ultimate opinion is one which by regulation, 38 CFR 3.311F, the board had to give due consideration. Now, that doesn't say that the board had to weigh it in any particular way, but the board could not, by regulation, as Mr. Rizzo suggests, refused outright to consider the opinion at all. But are you asking us to assume that because the examining physician was selected by a certain office within the Veterans Administration that that by itself proves that they made it an appropriate selection, that they picked a cancer doctor for a cancer case and an ophthalmologist for an eye case and so on? No, Your Honor. Your Honor, not in every case. Well, then how do we know in this case that they did select the doctor with the right specialty, the right qualifications? In this case, we do say that the court can presume that Dr. Dayton was duly appointed to his position. Now, that's a rebuttable presumption. It's not to say that it necessarily... No, no one's saying he's not an official, he's not a physician, he's not an employee of the Veterans Department. The argument being made by Mr. Rosinsky, I think, is that he was the wrong kind of doctor. You're saying? Are you saying? Excuse me. I'll come back later. Well, the question whether Dr. Dayton was the wrong kind of doctor is a question that would need to be addressed by the Board or perhaps the Veterans Court. And that kind of question is frequently the subject of reading. Mr. Rosinsky seems to be suggesting that the deciding official here, a member of the Board named Gallagher, had an obligation to assure herself before relying on a medical report and its conclusions that the doctor who rendered the report had the right medical background, the right specialty. Right, and as the Veterans Court held in this case, the Board judge, she implicitly did that by relying upon the opinion that was developed through that regulatory process. And you're saying the way to challenge that is on appeal to the court, but since it's fact-related, we don't deal with it. The ultimate question, whether someone would have been better qualified or less qualified than Dr. Dayton or how those two opinions were weighed against each other, yes, is ultimately a weighing of reasons and bases question that is for the Board and the Veterans Court. Did Dr. Dayton do the exam if Mr. Rizzo is a veteran? The Dr. Dayton's opinion in that regulatory process through 3.311 is not based upon a physical examination, I don't believe. It was looking at a dose estimate that was developed by the Defense Threat Reduction Agency. Thank you, Your Honor. And Dr. Dayton took that information together with information that was obtained by the claimant, which the Veterans Court explained was the most up-to-date information. What was the role of Dr. Ohm? I believe it's the Dr. Ohm, and the signature is a little bit hard to read, but I believe this is the... Well, let's assume it's Ohm, whatever the individual's surname is. It was somebody other than Dayton. That's right. So what did the other person do compared to what Dayton did? Dr. Ohm's name, which is at page 28 of the record, is signed Dr. Ohm for Lawrence Dayton. And this was through Dr. Dayton's office. Ultimately, this became Dr. Dayton's opinion. I would assume much in the same way that a paralegal might draft a document for a lawyer, but ultimately it is the lawyer that has ultimate responsibility for that opinion. This ultimately was Dr. Dayton's opinion, which was in turn passed on to the Undersecretary of Health, who made the ultimate regulatory opinion about whether Mr. Rizzo's exposure could have caused his cataract. This issue in these exact terms did come up before the Board, didn't it? Yes, Your Honor. And the Board said Mr. Rizzo has failed to point to any evidence in the record demonstrating that Dr. Dayton is not an expert or that would cast doubt on his competency or qualifications. Any evidence? That's pretty categorical, isn't it? Yes, Your Honor. And that is factual finding. And so that kind of binds us. And as a matter of fact, to reach the question, we'd have to go into the factual matter of whether or not he did point to any evidence. And we can't do that, right? Yes, Your Honor. But isn't Mr. Rizzinski making the argument that the burden shouldn't be on the veteran to come forth with evidence of lack of qualifications? So I understand what Mr. Rizzinski is suggesting. It seems to be that there's an affirmative duty not on the veteran, but on the agency and the Board member to satisfy itself that the doctor is qualified. The flip side of what Judge Gallagher seemed to assume. No, Dr. Gallagher made, rather, Judge Gallagher made the correct assumption here. And that is as- Well, I'm asking why is it we should conclude that the burden should be on the veteran to show a lack of qualification as opposed to being on the agency to affirmatively have to show the presence of the qualification? Well, to be absolutely clear, we're not saying that the burden rests on the veteran to disprove qualifications of a VA doctor. It's an issue that frequently comes up before the Board and Veterans Court sua sponte. The evidence in the record will raise a question about the qualifications of a particular doctor. For example, I'm just making up this example, but a podiatrist doing a dental exam would raise a question that would impose upon the Board a duty to investigate further and perhaps even remand for a new opinion from the proper doctor. All we're saying in this case is that where you have a record here that was established pursuant to the regulatory process, that it's not necessary for VA to take the additional step and put the resume in the record of all the individuals, the officials involved in the process. The Board implicitly accepts that the doctor is competent and qualified to provide an opinion by relying on that opinion. And for these reasons and those in our brief, we ask the Court to affirm the decision of the Veterans Court. All right. Thank you. Mr. Rosensky, you have a little bit of time for rebuttal. We'll give you back two minutes. Yes, Your Honor. I think we heard the Board implicitly, didn't even explicitly, the Court, the Veterans Court explicitly stated that the Board assumed. What is the basis? What is the factual basis for that implicit assumption? Not just in this case, but as we've heard, it comes up. That is why Mr. Rizzo is asking for a standard. What is the standard? Does it just come up or is it a Board duty to investigate? If the Board has to weigh evidence, it has to rely on reliability. That's a factual finding true, but there has to be facts in the record. Is the Board entitled to assume the competence of a VA examiner? I believe Mr. Rizzo would concede that a person represented by the Secretary as a medical doctor could be assumed. What we do not agree with is that whatever the specific issues related to the claim can be assumed. So when the, in effect, I was quoting from several Veterans Court opinions when I made that last question, the Board is entitled to assume the competence of a VA examiner. They've said that over and over again. Now, when you challenge the VA examiner, this presumption of competence, do you have any obligation to come up with some reason to challenge it? Your Honor, I would differ with you. We are not challenging the presumption of competence as defined in 702 or the cases that we've cited. The court below encompassed the- Well, but you've thrown a lot of things at us here. Podiatrists looking at radiation case. And it seems to me that if that were the case, you would have been able to come up with some evidence to show Dr. Dayton's incompetence. And this says you didn't point to any evidence. We are not challenging his competence as a graduate of a medical facility or his possession  That minimal competence is not being challenged. We are challenging his reliability as an expert witness on a radiation case to determine whether it's related to radiation or related to any other issues. Secondly- You don't point to any evidence in the record demonstrating that Dr. Dayton is not an expert. It is- You didn't address that point. Our main point here, Your Honor, is that it is not appropriate to put a new burden, a new burden on a veteran who has submitted his claim. When we come to the court, we ask the court to do exactly what you have asked me. When do we do it? We went to the veterans court and said the board did not point to facts that establish the reliability of this individual. They assume because he was passed by the Senate that he's an expert in every case, on every illness, in every condition, in every claim. That is what is happening here. As we've heard, it comes up. That is not a legal standard. What is the disjunction between an expert in radiological matters who's an MD and the claim in this case? The claim in this case, in essence, as I understand it, is that Mr. Rizzo, back in 1947, was exposed to radiation that was left over in some sand on an atoll in the Pacific that had been the site of a nuclear explosion. Yes, Your Honor. So it's a radiological kind of case. It has to do with radiation. And this doctor is in the part of the VA that deals with radiation-related hazards. It sounds like he's exactly the right kind of specialist, not the wrong kind. Your Honor, you're assuming he's a specialist. There is no evidence in the record that he's an expert in anything. The only reason we know he's a medical doctor is because he signs his things MD. But his title is Chief Officer of Public Health and Environmental Hazards. That is an administrative title, Your Honor. And I would conclude by saying, if you are going to an oncologist, you don't worry what his title is. You go to the cancer doctor. You don't go to the medical building and go to the first door or wherever the clerk sends you. And that's what our veterans deserve. All right. I think we have both sides of views clearly in mind. We're thankful if counsel will take the appeal under advice.